# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA**
        **Plaintiff,**

    **v.**                                **Case No. 25-CR-1**

**OMAR J. BURKS**
        **Defendant.**

## DECISION AND ORDER

The government charged defendant Omar Burks with carjacking (count one), felon in possession of a firearm (count two), possession with intent to distribute controlled substances (count three), and possession of a firearm in furtherance of drug trafficking offense (count four). Summarized, the government alleges that on March 24, 2024, defendant participated in an armed carjacking, taking a Mazda from the victim at gunpoint, as charged in count one. About a week later, police stopped A.H. driving the stolen Mazda, and A.H. eventually told police he got the car from defendant. Police arrested defendant on April 5, 2024, and during a search of his vehicle (a Chevy Tahoe) located the gun and drugs forming the basis for counts two, three, and four. The government contends that the firearm recovered during this search is the same gun used in the carjacking. The government further indicates that police seized defendant's phone at that time and on conducting a search of the device pursuant to a state search warrant found evidence relevant to both the carjacking and drug/gun charges.

Defendant moved to sever count one from counts two-four, alleging misjoinder under Fed. R. Crim. P. 8(a). In the alternative, he sought relief from prejudicial joinder under Fed. R. Crim. P. 14. The magistrate judge handling pre-trial matters in this case denied the motion for

severance (further recommending denial of defense motions to dismiss and suppress). In a previous order, I adopted the recommendations to deny the motions to dismiss and suppress, but deferred ruling on severance. With trial approaching, defendant renews the motion to sever. When a magistrate judge rules on a non-dispositive motion, such as a request for severance, the district court will set aside the order if it is contrary to law or clearly erroneous. Fed. R. Crim. P. 59(a); see also United States v. Coley, 137 F.4th 874, 882-83 (7th Cir. 2025) (noting that a severance claim involves two distinct issues: (1) whether the charges were properly joined, a question of law subject to de novo review, and (2) if the charges were properly joined, whether they should be severed to avoid prejudice, which is reviewed deferentially for abuse of discretion).

## I.

Under Rule 8(a), the indictment may charge a defendant in separate counts with two or more offenses if the offenses are (1) of the same or similar character, (2) are based on the same act or transaction, or (3) are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). Defendant argues that under the Rule joinder is proper only where each offense is related to all others with which it is joined. Here, the government sought to join charges based on two distinct events—a carjacking occurring near N. 23rd Street and W. Wisconsin Ave. on March 24, 2024 (count one), and defendant's alleged possession of a gun and drugs in his vehicle near his home on N. 16th Street on April 5, 2024 (counts two-four)—through a "daisy chain." He contends that, while count one may be related to count two because they allegedly involved the same gun, and count two may be connected to counts three and four because the gun found in the Tahoe was allegedly possessed in furtherance of the charged drug trafficking activity, there is no connection between count one and counts

2

three and four, making joinder improper.

Defendant acknowledges that the Seventh Circuit has not addressed this issue, but a number of other courts have rejected the use of a daisy chain to join otherwise unrelated charges. See United States v. Shellef, 507 F.3d 82, 100 (2nd Cir. 2007) (holding that 1996 and 1999 tax counts could be joined with each other and the 1999 tax count could be joined with fraud counts producing the proceeds on which the defendant did not pay tax in 1999, but that the fraud counts could not be joined with the 1996 tax count as that fraud was unrelated to the unreported income forming the basis for the 1996 tax count), overruled in part on other grounds, Kousisis v. United States, 605 U.S. 114 (2025); United States v. Goldtooth, No. CR-19-08108, 2021 U.S. Dist. LEXIS 83320, at *7 (D. Ariz. Apr. 29, 2021) (hold that Rule 8(a) connections between Counts A and B and Counts B and C do not provide a basis for joining Counts A and C for trial); United States v. Kerik, 615 F. Supp. 2d 256, 275 (S.D.N.Y. 2009) ("Neither the Government's 'daisy chain' of charges—linking one offense to the next, through common laws or facts, until all charges are included—nor its broad motif of 'similar kinds of substantially alleged dishonesty' is sufficient to attain joinder of these charges."); see also United States v. Delle Donna, 366 Fed. Appx. 441, 447-48 (3rd Cir. 2010) (finding it "troublesome when the government plays 'connect-the-dots' in the manner it has done in this case. By linking one crime to another, statute by statute or subject by subject, the government can combine several cases in one.").[1] Nor is it enough, courts have held, that otherwise unrelated offenses were detected during the same investigation. United States v. Williams, No. 14-CR-109, 2015 U.S. Dist. LEXIS 58640, at *6-7 (E.D. Wis. May 5, 2015).

---

[1] The Third Circuit ultimately found that any misjoinder did not cause prejudice and thus affirmed. Id. at 448.

3

The government responds that the Seventh Circuit has instructed district courts to construe Rule 8 broadly to allow joinder to enhance the efficiency of the judicial system, and to avoid expensive and duplicative trials. United States v. Archer, 843 F.2d 1019, 1021 (7th Cir. 1988). The Seventh Circuit has also adopted an expansive interpretation of what constitutes a "transaction" under Rule 8(a), noting that it is a word of flexible meaning and may comprehend a series of many occurrences, depending not so much upon the immediateness of their connection as upon their logical relationship. United States v. Woody, 55 F.3d 1257, 1267 (7th Cir. 1995). In determining whether the connection between the acts charged is sufficient to meet the requirements of joinder under Rule 8(a), the court should be guided by the extent of evidentiary overlap. Id.

The government contends that sufficient evidentiary overlap exists here. The firearm referenced in count two is the same gun used in both count one's carjacking and count four's possession in furtherance of drug trafficking. The government notes that a carjacking charge and a felon in possession charge can be joined where, as here, they involved the same gun. United States v. Carter, 695 F.3d 690, 700 (7th Cir. 2012). The government further notes that if count one is severed from the other counts, then both trials would feature testimony regarding defendant's arrest near his Tahoe, the recovery of the firearm from the Tahoe, defendant's statement about his exclusive use of the Tahoe, and the extraction of evidence from defendant's phone.

The government further contends that most of the cases defendant cites involved complicated fraud charge and are not comparable to the straightforward gun-and-drugs case presented here. While Goldtooth did involve comparable charges, it arose under Ninth Circuit law, and the court acknowledged the limited authority on the issue. Under these circumstances,

4

the government concludes, there is no basis to find the magistrate judge clearly erred in finding joinder proper under Rule 8(a).

Defendant replies that the magistrate judge did not find, and the government no longer argues, that count one and counts three/four are based in the same act or transaction. Instead, the magistrate judge found that because count one was properly joined with count two, and count two was properly joined with counts three and four, then all four counts could be joined under Rule 8(a). (See R. 45 at 33-34: "It is immaterial that Count One does not relate to Count Three; nothing suggests that such chaining of charges is improper.") Defendant notes that, while the issue has not been addressed in this circuit, other courts have disapproved such chaining of charges. Requiring that every offense be of same or similar character, based on the same act or transaction, or part of a common scheme or plan as every other charged offense comports with the purpose of Rule 8(a), which balances judicial economy and convenience against the prejudice caused by jury cumulation of evidence or inference of criminal disposition. See United States v. Coleman, 22 F.3d 126, 132 (7th Cir. 1994), overruled in part on other grounds, United States v. Price, 28 F.4th 739, 751-52 (7th Cir. 2022).

Defendant further replies that the government's focus on evidentiary overlap is misplaced. While such overlap may be relevant to determining whether two counts are based on the same act or transaction, see United States v. Berardi, 675 F.2d 894, 899-900 (7th Cir. 1982), evidentiary overlap by itself is not a sufficient basis for joinder; at least one of Rule 8(a)'s three conditions must be satisfied. See United States v. Jawara, 474 F.3d 565, 573 (9th Cir. 2007) ("At least one of Rule 8(a)'s three conditions must be satisfied for proper joinder, and those conditions, although phrased in general terms, are not infinitely elastic.") (internal quote marks omitted); see also Coleman, 22 F.3d at 134 ("[O]n a number of occasions we have

5

refocused our joinder inquiry away from a balancing of time and evidence factors and toward a more literal reading of the Rule."). Defendant concludes that, while the government is able to point to some overlap between count one and counts two-four by dint of the offenses being detected in a single investigation, count one does not share a logical relationship with the drug-gun offenses charged in counts three and four.

Courts construe Rule 8(a) broadly in order to serve the purposes of increasing judicial efficiency and avoiding costly and duplicative trials, but at least one of the Rule's three conditions must be satisfied for proper joinder. United States v. Jenkins, 884 F. Supp. 2d 789, 790 (E.D. Wis. 2012). The government never specifies which of the Rule's conditions applies here. Instead, the government discusses evidentiary overlap. But in determining whether joinder is proper, the court looks "solely to the face of the indictment, comparing the offenses charged for categorical, not evidentiary, similarities." Coley, 137 F.4th at 883 (internal quote marks omitted). Drug trafficking (and possessing a firearm in furtherance thereof) is not categorically similar to carjacking. Nor are these offenses based on the same act or transaction; the carjacking occurred on March 24, 2024, while defendant allegedly possessed the drugs and gun on April 5, 2024, in a entirely different location. And there is no indication the offenses are connected with or constitute parts of a common scheme or plan. For instance, there is no indication defendant stole the Mazda to further his drug trafficking activities; police recovered the stolen Mazda from A.H. and later located the drugs and gun in defendant's Tahoe.

I agree that count one could be joined with count two, as both allegedly involved the same gun. Carter, 695 F.3d at 700. And counts two, three, and four could be joined because all arose out of the same incident of possession. See Coley, 137 F.4th at 883 ("[W]e have long

6

presumed that drug-trafficking and firearm counts are properly joined because possession of firearms and drug trafficking are closely related.") (cleaned up). Cf. United States v. Hubbard, 61 F.3d 1261, 1270-71 (7th Cir. 1995) (concluding that firearms and narcotics charges were misjoined where the firearms were discovered more than 17 months after the defendant's final drug transaction). But the government cites no authority for concluding that count two can serve as a linchpin for joining the carjacking count with the drug trafficking count. While there is relatively limited caselaw on the practice, the courts that have confronted the issue appear to agree that otherwise unrelated counts cannot be joined in a daisy chain. I agree with this consensus.

The Goldtooth court surveyed the available authority, summarized above, finding these cases consistent with the language of Rule 8(a), which provides that the "offenses charged" must have one of the connections specified. "The most natural reading of this language is that all of the offenses charged must have Rule 8(a) connections. The rule does not say that joinder is proper if 'some of the offenses charged' have such connections." 2021 U.S. Dist. LEXIS 83320, at *8. The court further concluded that this construction comports with the purpose of Rule 8(a), which seeks to strike a balance between the efficiencies to be gained from trying related counts together and the prejudice to defendants that can result from a jury hearing incriminating evidence on a variety of charges. Id. at *8. As the court explained, little is gained by trying unrelated Counts A and C together, just because each have a link to Count B. "The benefits available under Rule 8(a) are thus quite limited when counts are linked seriatim, and do not outweigh the potential disadvantage of the jury hearing incriminating evidence on unrelated counts." Id. I agree with the Goldtooth court's analysis and thus find that count one is not properly joined with counts two-four. The motion to sever will be granted on this basis.

7

**II.**

If the court finds joinder proper under Rule 8(a), defendant argues in the alternative that the charges should be severed under Rule 14. Under Rule 14(a), if the joinder of offenses in an indictment "appears to prejudice a defendant or the government, the court may order separate trials of counts." Fed. R. Crim. P. 14(a). Defendant contends that because evidence of the carjacking underlying count one would be inadmissible in a trial on counts two-four, there is a risk the jury will convict on the basis that he is a bad and dangerous person. See United States v. Berg, 714 F.3d 490, 496 (7th Cir. 2013) ("[T]rying multiple charges at the same time can sometimes be problematic; it runs the risk of producing a verdict based on bad acts and propensity evidence rather than on admissible evidence."). Defendant specifically notes that evidence of his prior felony conviction and the discovery of drugs in his car over a week after the carjacking would be inadmissible at a trial on count one, and evidence of the carjacking would not come in at a trial on counts two-four. Limiting instructions will not, he contends, cure the unfair prejudice under these circumstances. See United States v. States, 652 F.3d 734, 744 (7th Cir. 2011) ("The presumption [that juries following limiting instructions] can be overcome . . . where, for example, the jury might have been unable or unwilling to follow instructions because unrelated non-violent charges were joined with violent ones, such that the jury might have reached the conclusion that the defendant 'was a bad and dangerous person.'"); United States v. Daniels, 770 F.2d 1111, 1118 (D.C. Cir. 1985) ("To tell a jury to ignore the defendant's prior convictions in determining whether he or she committed the offense being tried is to ask human beings to act with a measure of dispassion and exactitude well beyond mortal capacities.").

8

Finally, defendant argues that the purpose of Rule 8(a)—to promote judicial economy—is not served when unrelated offenses are joined through a daisy chain. See United States v. Kaquatosh, 227 F. Supp. 2d 1045, 1047-48 (E.D. Wis. 2002) (noting that if offenses "sharing no common evidence, witnesses or victims are joined little time and effort is saved," and recognizing that "the jury may have difficulty keeping the evidence straight or, worse yet, infer criminal proclivity based on the charging of multiple offenses"). Defendant concludes that because the carjacking alleged in count one is factually, temporally, and evidentially distinct from the gun and drug offenses charged in counts two-four, and because the substantial risk of unfair prejudice would outweigh any minimal efficiency gained from a joint trial, the court should sever these counts.

The government responds that a defendant seeking severance under Rule 14 must make a strong showing of prejudice. United States v. Moya-Gomez, 860 F.2d 706, 768 (7th Cir. 1988). Where, as here, the defendant alleges prejudicial spillover of evidence, he must rebut the dual presumptions that a jury will (1) capably sort through the evidence and (2) follow limiting instructions to consider each count separately. United States v. Stillo, 57 F.3d 553, 557 (7th Cir. 1995), overruled in part on other grounds, Scheidler v. NOW, Inc., 537 U.S. 393 (2003).

The government argues that defendant cannot make the required showing here. The government again stresses the evidentiary overlap, arguing that much of the evidence defendant cites would be admissible at both hypothetical trials. Specifically, the government contends that evidence of defendant's prior record is not prejudicial, as count two is properly joined with any of the other counts. The government further contends that a jury trying count one likely would hear about the drugs found in defendant's vehicle, as that discovery is

9

corroborative of A.H.'s statements.[2] Finally, while conceding that some of the evidence contained on defendant's phone would be admissible only as to count one or counts three/four, this small amount of potentially additive evidence does not establish prejudice.

Defendant replies that the government overstates the amount of evidence that would be admissible in separate trials. He points out that evidence extracted from his phone that may be relevant to the carjacking would be inadmissible in a drug trafficking trial, and evidence that may be relevant to the drug offenses would be inadmissible in a carjacking trial. Likewise, evidence that police found drugs in his car over a week after the carjacking would be inadmissible at a trial on count one. Finally, defendant contends that A.H.'s prior statement that defendant kept drugs in his car would be excluded as hearsay at a trial on count one.

As indicated above, count one is not properly joined with counts two-four. Rule 14 prejudice concerns further support severance in this case. Most significantly, the jury would not at a trial on count one alone learn about defendant's prior felony conviction. See United States v. Jones, 455 F.3d 800, 811 (7th Cir. 2006) (Easterbrook, J, concurring) ("Telling juries not to infer from the defendant's criminal record that someone who violated the law once is likely to do so again is like telling jurors to ignore the pink rhinoceros that just sauntered into the courtroom."). Nor would the jury, in a trial on counts two-four, learn that defendant also allegedly engaged in a violent armed robbery. See States, 652 F.3d at 744 (noting that a jury might be unable or unwilling to follow limiting instructions where unrelated non-violent charges are joined with violent ones).

---

[2]In the previous motions briefing, defendant challenged A.H.'s credibility. The government responded that A.H.'s credibility was enhanced by, inter alia, his knowledge of the hidden compartment in defendant's vehicle from which the drugs were recovered during the later search.

10

True, the government could have drafted an indictment joining counts one and two, in which case the jury would have heard evidence about the carjacking and defendant's possession of the gun following his conviction of a felony, but that is not the way the case was charged; the government also added the drug trafficking count. Defendant seeks a separate trial on count one alone, and, if severance is granted, it makes the most sense to keep count two with counts three and four.

**III.**

**THEREFORE, IT IS ORDERED** that defendant's renewed motion to sever (R. 62) is granted.

Dated at Milwaukee, Wisconsin this 5th day of May, 2026.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge

11